ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| JOEL SANTIAGO VÁZQUEZ T/C/C JOSÉ SANTANA GONZÁLEZ  Parte Recurrente | | *Revisión Judicial,* procedente del Departamento de Corrección y Rehabilitación |
|---|---|---|
| v. | TA2026RA00025 | Caso Núm.: Querella núm. 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 |
| DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Parte Recurrida | | Sobre: Querella Administrativa |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de enero de 2026.

Compareció ante este Tribunal la parte recurrente, Sr. Joel Santiago Vázquez t/c/c José Santana González (en adelante, "señor Santiago Vázquez" o "Recurrente"), mediante un recurso de revisión judicial presentado por derecho propio el 7 de enero de 2026. Nos solicitó la revocación de una determinación emitida por el Departamento de Corrección y Rehabilitación (en adelante, "DCR") que presuntamente le fue notificada el 26 de noviembre de 2025.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso por incumplimiento con el Reglamento del Tribunal de Apelaciones.

**I.**

El señor Santiago Vázquez acudió ante nosotros para impugnar una determinación emitida por el DCR el 14 de noviembre de 2025, por medio de la cual se le halló incurso por incumplimiento con el Reglamento Núm. 9221 de 8 de octubre de 2020, conocido como el "Reglamento para

Establecer el Procedimiento Disciplinario de la Población Correccional". Específicamente, el Recurrente sostuvo que el DCR concluyó que violentó los Códigos 126, 205, 207, 135 y 233 de la aludida pieza reglamentaria.

Asimismo, planteó que a raíz de dicho dictamen presentó una moción de reconsideración mediante la cual expresó que no amenazó ni utilizó lenguaje grosero u obsceno. Finalmente, arguyó que el 11 de diciembre de 2025 el DCR denegó su solicitud de reconsideración. Inconforme con dicha determinación, recurrió ante este Tribunal para cuestionar la misma.

**II.**

**A.**

Reiteradamente, nuestro Tribunal Supremo ha sostenido "que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente". Ruíz Camilo v. Trafon Group, Inc, 200 DPR 254, 268 (2018); Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 234 (2014); Cordero et al. v. ARPe et al., 187 DPR 445, 457 (2012).

La ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. Fuentes Bonilla v. ELA, 200 DPR 364, 372-373 (2018); González v. Mayagüez Resort & Casino, 176 DPR 848, 855 (2009); Pagán v. Alcalde Mun. de Cataño, 143 DPR 314, 326 (1997); Vázquez v. A.R.P.E., 128 DPR 513, 537 (1991). Por tanto, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268.

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, dispone que ese foro podrá *motu proprio*, en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico. *Véase*, Reglas 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, <u>In re</u> Aprob. <u>Enmdas. Reglamento TA</u>, 2025 TSPR 141, pág. 117, 216 DPR __ (2025).

**B.**

El perfeccionamiento del recurso de revisión judicial está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones dispone, en su parte pertinente, que:

El escrito de revisión contendrá:

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) **Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión**.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

[…]

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso. *Véase*, Reglas 83 (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re* Aprob. Enmdas. Reglamento TA, 2025 TSPR 141, pág. 84, 216 DPR __ (2025). (énfasis suplido).

Sobre el cumplimiento de las normas dispuestas en los reglamentos, el Tribunal Supremo de Puerto Rico ha establecido que las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. M-Care Coumpounding, *et al* v. Dpto. de Salud, 186 DPR 159-176 (2012); Pueblo v. Rivera Toro, 173 DPR 137, 144 (2008). Así pues, el Alto Foro reconoció que las disposiciones reglamentarias sobre el perfeccionamiento de los recursos debían aplicarse flexiblemente, **cuando se incumple con un requisito de forma de menor importancia**. Arriaga v. FSE, 145 DPR 122, 130 (1998).

De conformidad con lo anterior, advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". Febles v. Romar, 159 DPR 714, 722 (2003). Sobre este particular, la jurisprudencia ha dispuesto que las disposiciones reglamentarias sobre los recursos que se presenten ante los tribunales apelativos deben observarse rigurosamente y su incumplimiento puede dar lugar a la desestimación. Arraiga v. F.S.E., *supra*, pág. 130.

**III.**

Como mencionamos, después de examinar el expediente ante nuestra consideración, es más que evidente que el recurso no es revisable. Nótese que el Recurrente no incluyó ningún documento acreditativo que nos permitiera determinar nuestra jurisdicción para entender en los méritos del caso. De hecho, no obra en nuestro legajo apelativo documentación alguna que nos permita corroborar los planteamientos esgrimidos por el señor Santiago Vázquez. El incumplimiento del Recurrente con los requisitos reglamentarios exigidos para el perfeccionamiento del recurso de revisión

judicial nos priva de jurisdicción para atender los planteamientos señalados en el recurso.

En suma, la ausencia de un apéndice con la documentación requerida por el Reglamento de este Tribunal nos impide determinar responsablemente nuestra autoridad adjudicativa.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso de epígrafe por incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones